DEBORAH WOLOSON, APPELLANT, *v.* SHERIFF, CLARK COUNTY, NEVADA, RESPONDENT.

No. 9177

AGNES FRANKLIN AVILA, APPELLANT, *v.* SHERIFF, CLARK COUNTY, NEVADA, RESPONDENT.

No. 9178

May 23, 1977                    564 P.2d 603

*Alan B. Andrews,* of Las Vegas, for Appellant.

*George E. Holt,* District Attorney, H. Leon Simon and *Elliott A. Sattler,* Deputy District Attorneys, Clark County, for Respondent.

## OPINION

By the Court, THOMPSON, J.:

These consolidated appeals from orders denying petitions for habeas corpus challenge the constitutionality of NRS 205.465. That statute, among other things, makes it unlawful for any person to sell any document for the purpose of establishing a false identity for any other person.[1] Each appellant is charged with having so violated the statute. Each contends that the statute abridges free speech, is vague and overbroad, and imposes criminal penalty without requiring unlawful intention as an element of the offense. We find no merit in these contentions and affirm the orders entered below.

1. The First Amendment declares that "Congress shall make no law . . . abridging the freedom of speech. . . ." This amendment is made applicable to the states by the due process clause of the Fourteenth Amendment. Edwards v. South Carolina, 372 U.S. 229 (1963). Although the amendment extends to all forms of expression designed to communicate ideas and embraces symbolic as well as pure speech, the sale of a document to establish the false identity of another person is not associated with any interest the First Amendment seeks to protect. Such a transaction does not involve the communication of an idea from one person to another. Neither does it affect the political process, provide information on matters of public importance, contribute to the exchange of ideas or otherwise concern speech within the intendment of the First Amendment.

---

[1]NRS 205.465: "It is unlawful for any person to possess, sell or transfer any document for the purpose of establishing a false status, occupation, membership, license or identity, for himself or any other person."

Cf. Culinary Workers v. Court, 66 Nev. 166, 207 P.2d 990 (1949).

It is not an abridgment of free speech to make a course of conduct illegal merely because the conduct was in part evidenced by language, either spoken, written or printed. Giboney v. Empire Storage Co., 336 U.S. 490 (1949). It is evident that the challenged statute was promulgated within the police power of this State, furthers a substantial governmental interest and is unrelated to the suppression of free expression. United States v. O'Brien, 391 U.S. 367 (1968). Consequently, its validity must be tested by those standards applicable to criminal statutes in general. The First Amendment simply is not involved.

2. The contention that the words of NRS 205.465 are imprecise and vague is specious. Without question, the statute notifies the reader that a sale of false identification cards is proscribed. United States v. Goeltz, 513 F.2d 193 (10th Cir. 1975). And, since the statute furthers an important governmental interest in preventing fraud which is unrelated to the suppression of free expression, the assertion of overbreadth is inapposite in this context.

3. Equally without substance is the contention that the statute imposes a criminal penalty in the absence of unlawful intent. It prohibits only the sale, transfer or possession of a document for the purpose of establishing a false identity. The word "purpose" denotes a willful intent just as the word "false" denotes an unlawful application.

Affirmed.

BATJER, C. J., and MOWBRAY, GUNDERSON, and MANOUKIAN, JJ., concur.