[Nos. 6526–2–I; 7863–1–I.    Division One.    January 7, 1980.]

THE STATE OF WASHINGTON, *Respondent,* v. KENNETH
ALVEN BERNARDY, *Appellant.*

---

*Richard C. Platte* and *Rusing & Platte*, for appellant.

*David S. McEachran, Prosecuting Attorney,* and *James M. Doran, Deputy,* for respondent.

ANDERSEN, J.—

### FACTS OF CASE

Kenneth Bernardy (defendant) appeals from a jury conviction of second–degree assault and judgment and sentence entered thereon.

On September 4, 1977, Steven Wilson became involved in a fight with Larry Curtis Harrison, a friend of the defendant. Testimony introduced at trial indicated that Wilson started the altercation and then was knocked to the ground by Harrison. While lying on the ground, Wilson was kicked in the head several times by the defendant.

The defendant testified that he kicked Wilson in order to protect his friend, Harrison, because Wilson was trying to get up and another participant, one Greg Gowens, was coming to Wilson's assistance. He also testified that he was wearing tennis shoes at the time. Wilson sustained serious head injuries as a result of the fight.

The defendant argues that he was not afforded effective representation of counsel and that his conviction was not supported by sufficient evidence. Our review of the entire record, including the defendant's personal restraint petition and his pro se brief, reveals that these contentions are without merit.[1]

---

[1] It is alleged that defense counsel was incompetent in failing to rely on a defense of intoxication. However, defense counsel's serious urging of intoxication would have been incompatible with the "defense of another" claim. Since a matter of legitimate trial strategy cannot serve as a basis for a claim of ineffective assistance of counsel, this contention is not well taken. *State v. Adams,* 91 Wn.2d 86, 586 P.2d 1168 (1978).

The defendant also assigns as error on this appeal that the trial court refused his proposed instruction concerning the legal privilege of defending another.

One issue is determinative.

### ISSUE

Should the trial court have instructed the jury regarding the legal privilege of defending another?

### DECISION

CONCLUSION. Evidence was presented which, if believed, would have allowed the jury to conclude that the defendant acted reasonably in defense of another. The trial court therefore erred in not instructing the jury on the legal privilege of defending another.

■ An individual who acts in defense of another person, reasonably believing him to be the innocent party and in danger, is justified in using force necessary to protect that person even if, in fact, the party whom he is defending was the aggressor. *State v. Penn,* 89 Wn.2d 63, 568 P.2d 797 (1977); *State v. Fischer,* 23 Wn. App. 756, 598 P.2d 742 (1979); RCW 9A.16.020(3). If properly requested by the defense, a "defense of others" instruction must be given whenever there is evidence from which the jury could conclude that, under the circumstances, the actor's apprehension of danger and use of force were reasonable. *State v. Penn, supra.*

■ As to the apprehension of danger in this case, the defendant testified that he believed Gowens was coming to the assistance of Wilson, that Wilson was trying to get up and that together they were a danger to Harrison. With regard to the force used, the defendant testified that he was wearing tennis shoes, used the sides of his feet and did not believe the kicks would cause Wilson any serious damage. Although we are satisfied that the evidence clearly supports the verdict, a trial court is bound to give an instruction on a party's theory of the case when, as in this situation, there is evidence to support it. *State v. Penn, supra; State v. Ladiges,* 66 Wn.2d 273, 401 P.2d 977 (1965). The failure to

do so constitutes reversible error. *State v. Ladiges, supra* at 277.

Reversed and remanded for a new trial.

JAMES and RINGOLD, JJ., concur.

Reconsideration denied February 28, 1980.