[No. 12829–9–I. Division One. May 7, 1984.]

THE STATE OF WASHINGTON, *Respondent,* v. DONALD CLAUDE KIRVIN, *Appellant.*

453

*Randy Barnard, Appelwick, Trickey & Sluiter, Karen P. Sluiter,* and *Michael J. Trickey,* for appellant (appointed counsel for appeal).

*Norm Maleng, Prosecuting Attorney,* and *Monica Benton, Deputy,* for respondent.

ANDERSEN, J.—
### FACTS OF CASE

The juvenile offender, Donald Claude Kirvin, appeals from an order of disposition entered following a juvenile fact–finding hearing at which he was found guilty of simple assault and false reporting. RCW 9A.36.040; Seattle Criminal Code 12A.16.040(D).

At the time of the events in question, two plainclothes security officers at a downtown Seattle department store observed a young man take a coat off a rack in the store, put it on and leave the store wearing it but without paying for it. As they followed the shoplifter out of the store, they saw the juvenile offender, whose conviction is the subject of this appeal, standing just outside the door with two companions. As it developed, these three individuals had been with the shoplifter waiting for a bus before that individual went into the store.

The officers ran after the fleeing shoplifter until he ran inside a drugstore at Third and Union Streets, a couple of blocks away. One of the officers waited outside. The juvenile offender and his companions had run down the street behind that officer and ran up to him as soon as he stopped outside the drugstore. According to the officer's testimony, the juvenile offender was standing 1 foot from him as he radioed his partner about his location. When the shoplifter came out of the drugstore, the officer identified himself as a department store security officer and briefly apprehended him. At this point, however, the juvenile offender shoved the officer hitting him with his shoulder and allowing the

shoplifter to get loose and continue his flight from the security officer.

The security officer again gave chase to the shoplifter, with the juvenile offender and his companions again running along behind him. When the officer finally again apprehended the shoplifter, he was knocked into a cement trash container by one of the juvenile offender's companions and received an injury. When the other security officer arrived on the scene, the two officers were able to subdue the shoplifter while the juvenile offender and his companions fled.

A Seattle police officer who had been called by one of the security officers thereupon arrived at the scene and took custody of the shoplifter by putting him into his patrol car. The security officers told the police officer what had happened and that the juvenile offender had physically interfered with their apprehending the shoplifter. While one security officer remained in the backseat of the police car with the shoplifter, the police officer and the other security officer continued after the juvenile offender and his companions. Shortly afterward, they apprehended them in the restroom of a nearby fast–food restaurant and placed them under arrest. All of the arrested persons were then taken to the police station, separated and separately interviewed. It was during his initial interview that the juvenile offender first gave the arresting police officer his name—a name which he misspelled several times.[1] Feeling that this was a false name, the officer tried to convince the juvenile offender to give his real name, and he ultimately did so.

The juvenile offender was charged with simple assault and false reporting. At the fact–finding hearing the juvenile court found him guilty of both charges and entered a disposition order accordingly. The juvenile offender here appeals from that disposition order.

Three issues are here presented.

---

[1] The juvenile told the police officer his name was Wells but he repeatedly spelled it "Well".

## Issues

ISSUE ONE. Did the trial court err in holding that the juvenile's arrest was lawful and in denying a defense motion to suppress his verbal statements made to the police officer?

ISSUE TWO. Did the trial court err in finding sufficient evidence to sustain a finding of guilty of simple assault?

ISSUE THREE. Did the trial court err in holding that the false reporting ordinance, Seattle Criminal Code 12A.16-.040(D), was not unconstitutionally vague?

## Decision

ISSUE ONE.

CONCLUSION. The juvenile offender's warrantless misdemeanor arrest by the Seattle police officer was authorized by RCW 10.31.100. Because the arrest was lawful, the motion to suppress evidence was properly denied by the trial court.

The juvenile offender contends that his warrantless misdemeanor arrest was unlawful because the offense was not committed in the presence of the arresting officer and was not one of the RCW 10.31.100[2] exceptions to that requirement. He further contends that his statements given after the arrest must accordingly be suppressed. We disagree.

It is the law of this state that "the probable cause test is one of reasonableness." *State v. Scott*, 93 Wn.2d 7, 10, 604 P.2d 943, *cert. denied*, 446 U.S. 920, 64 L. Ed. 2d 275, 100 S. Ct. 1857 (1980). Furthermore, "[p]robable cause is based upon the totality of facts and circumstances within the knowledge of the arresting officer . . .", *Scott*, at 11, and "the standard should be, not what might appear to be

---

[2]RCW 10.31.100 reads in relevant part: "A police officer may arrest a person without a warrant for committing a misdemeanor or gross misdemeanor only when the offense is committed in the presence of the officer, except as provided in subsections (1) through (3) of this section.

"(1) Any police officer having probable cause to believe that a person has committed or is committing a misdemeanor or gross misdemeanor, involving physical harm or threats of harm to any person or property . . . shall have the authority to arrest the person."

probable cause to a passerby, but what would be probable cause to a reasonable, cautious, and prudent officer." *Scott,* at 11, quoting *State v. Todd,* 78 Wn.2d 362, 367, 474 P.2d 542 (1970).

Here, before the juvenile was arrested, the security officers described to the police officer after he arrived at the scene just what it was that had occurred. At the time of the arrest, the officer thus knew that the juvenile offender had played an active role in physically interfering with the security officers' pursuit of the shoplifter and that the juvenile offender had physically attempted to free the shoplifter. The facts within the knowledge of the arresting officer at the time of the arrest were sufficient to establish probable cause to arrest the juvenile offender for simple assault, the crime for which he was subsequently charged and convicted, or for hindering law enforcement, SCC 12A.16.020(B)(4),[3] the crime for which the police officer initially arrested him. Under the facts of this case, both of these misdemeanors involved physical harm or threats of harm to the person of a private security officer. Therefore, pursuant to RCW 10.31.100(1) (footnote 2), the arrest was lawful and the trial court did not err by denying the juvenile offender's motion to suppress.

ISSUE TWO.

CONCLUSION. The evidence was ample to allow the trial court to conclude that the juvenile offender assaulted one of the security officers and was not justified in physically interfering with the officer's apprehension of the shoplifter as he did.

---

[3]SCC 12A.16.020 reads in relevant part:

"A. As used in this section 'hindering law enforcement' means to intentionally prevent, hinder or delay the apprehension or prosecution of another person who the actor knows:

"1. Has committed a crime; . . .

"B. A person is guilty of hindering law enforcement if with respect to a person described in subsections A 1, . . . he knowingly: . . .

"4. Prevents or obstructs, by use of force or threat, a private person from performing an act that might aid in the discovery or apprehension of such person; . . ."

■ A challenge to the sufficiency of the evidence is to be determined by the test set forth in *State v. Green,* 94 Wn.2d 216, 221–22, 616 P.2d 628 (1980). In viewing the evidence, we must view it in the light most favorable to the State and determine whether any rational trier of fact could have found the elements of simple assault beyond a reasonable doubt. *Green,* at 221–22.

"An assault has been defined as: 'any unlawful, unpermitted or intentional touching or striking of another, regardless of whether or not any actual physical harm is done to the victim.' *State v. Garcia,* [20 Wn. App. 401,] 402 n.2 [579 P.2d 1034 (1978)]". *State v. Williams,* 29 Wn. App. 86, 92 n.5, 627 P.2d 581 (1981). *See* WPIC 35.50.

Here a security officer testified that the juvenile offender came running down the street behind him as the officer was pursuing the shoplift suspect, stood 1 foot away from him as he waited outside the drugstore and identified himself, and then "knock[ed] me with his shoulder; shoving me, bump[ing] into me with his shoulders". This undisputed evidence was sufficient to satisfy any rational trier of fact that a simple assault had been committed, if the juvenile offender had no valid defense.

The juvenile offender invoked the statutory "defense of others" defense, RCW 9A.16.020(3),[4] and asserts that the State did not meet its burden of proving the absence of this defense.

■ When the "defense of others" is properly raised, the trier of fact must determine whether the actor's apprehension of danger and use of force were reasonable. *State v. Bernardy,* 25 Wn. App. 146, 148, 605 P.2d 791 (1980); *State*

---

[4]RCW 9A.16.020 reads in relevant part:

"The use, attempt, or offer to use force upon or toward the person of another is not unlawful in the following cases: . . .

"(3) Whenever used by a party about to be injured, or by another lawfully aiding him, in preventing or attempting to prevent an offense against his person, or a malicious trespass, or other malicious interference with real or personal property lawfully in his possession, in case the force is not more than is necessary;"

*v. Penn,* 89 Wn.2d 63, 66, 568 P.2d 797 (1977). In making such a determination, matters of credibility of witnesses and the weight of the testimony are for the trier·of fact. *State v. Ladely,* 82 Wn.2d 172, 175, 509 P.2d 658 (1973); *State v. Smith,* 31 Wn. App. 226, 228, 640 P.2d 25 (1982).

Here, although the juvenile offender and one of his companions disputed it, one of the security officers testified that when he identified himself as being a department store security officer, he was holding his portable radio in his hand and was standing about a foot from the juvenile offender. The other officer testified that when he arrived outside the drugstore shortly afterward, he also so identified himself and showed his badge to the juvenile offender and his companions who were only a couple of feet away from him.

As the juvenile offender's counsel conceded to the trial court, "if [he] knew at the time that these were security officers or had the right to arrest, certainly he would not have had the right to go to the aid of his friend." Here there was sufficient evidence to convince any rational trier of the fact that the juvenile offender knew who the security officers were and that they had the right to arrest the shoplifter. Nonetheless, the record reflects that the trial court went on to consider the defense further and also determined that the juvenile offender's apprehension of danger and use of force were not reasonable under the circumstances. The evidence supports that finding.

It follows that there was sufficient evidence to sustain the trial court's finding that the juvenile offender was guilty of simple assault.

ISSUE THREE.

CONCLUSION. The words used in the City of Seattle's false reporting ordinance are sufficiently clear to provide a person of common intelligence and understanding with fair notice and ascertainable standards as to the conduct prohibited. We conclude, as did the trial court, that the ordinance is not unconstitutionally vague and is constitutional on its face.

The juvenile offender contends that SCC 12A.16.040(D)[5] is unconstitutionally void for vagueness and therefore invalid on its face because it does not give the average citizen fair notice that the arrest must be lawful. Again, we disagree.

> Due process is violated when the statute is so ambiguous it fails to make clear to a person of common intelligence what conduct is forbidden. Thus "a penal statute or ordinance must contain ascertainable standards of guilt, so that men of reasonable understanding are not required to guess at the meaning of the enactment." . . . There is a maxim that penal statutes must be strictly construed but, as observed by the United States Supreme Court, this maxim
>
>> is not an inexorable command to override common sense and evident statutory purpose.

(Citations omitted.) *State v. Grisby,* 97 Wn.2d 493, 501, 647 P.2d 6 (1982), *cert. denied sub nom. Frazier v. Washington,* 459 U.S. 1211, 75 L. Ed. 2d 446, 103 S. Ct. 1205 (1983). *See also Seattle v. Rice,* 93 Wn.2d 728, 731, 612 P.2d 792 (1980). Furthermore, "[s]imply because a statute could have been worded more precisely does not render it unconstitutional", *State v. Lalonde,* 35 Wn. App. 54, 59, 665 P.2d 421, *review denied,* 100 Wn.2d 1014 (1983).

In considering whether a term is unconstitutionally vague, we need consider the term only in the context of the ordinance in which it is used. *Grisby,* at 501. Post–arrest statements made in the course of interrogation incident to an unlawful arrest are not admissible against the person charged. *State v. Melrose,* 2 Wn. App. 824, 828–29, 470 P.2d 552 (1970). Thus, if an arrest is unlawful, the suspect's false identification would have to be suppressed since proof of an essential element would be absent and a conviction for violating the ordinance would not stand. Therefore, when used in this ordinance, the word "arrest" necessarily

---

[5]SCC 12A.16.040 reads in pertinent part:

"A person is guilty of false reporting if he: . . .

"D. Gives false identification to a Seattle police officer when such officer is executing a search or arrest warrant, issuing a citation or making an arrest."

means a "lawful arrest". To read it otherwise would, indeed, override common sense and evident statutory purpose.

Moreover, the ordinance contains only words of ordinary meaning and clearly proscribes specific identifiable conduct. This ordinance can be given common meaning upon first reading, and by its nature does not permit arbitrary law enforcement. Consequently, on its face the ordinance is not void for vagueness, and the juvenile offender's conviction under it was constitutionally valid.

*State v. White,* 97 Wn.2d 92, 640 P.2d 1061 (1982), relied on by the juvenile offender, is not determinative herein. There it was held that a statute making it a misdemeanor to obstruct a public servant by failing without "lawful excuse" to provide true information "lawfully required" of an individual by a "public servant" was defective. *White* further held that the statute thereby failed to give fair notice of what criteria were required or forbidden and permitted the standardless exercise of a police officer's discretion thereby encouraging arbitrary and erratic stops and searches. That is a far cry from the Seattle ordinance here in question which makes it a crime to give "false identification to a Seattle police officer when such officer is . . . issuing a citation or making an arrest." Used in this context, the term "false identification" is a term of common understanding, *see generally Woloson v. Sheriff, Clark Cy.,* 93 Nev. 283, 564 P.2d 603 (1977); *People v. Gonzales,* 188 Colo. 272, 534 P.2d 626 (1975), as is the word "arrest" when read to mean "lawful arrest".

The juvenile offender's remaining assignment of error, in which he raises a question of statutory construction concerning the false reporting ordinance, is likewise not well taken. It is well settled that we will not consider an issue or theory raised for the first time on appeal, in circumstances other than those enumerated in RAP 2.5(a).[6]

---

[6]RAP 2.5(a) reads in pertinent part: "a party may raise the following claimed errors for the first time in the appellate court: (1) lack of trial court jurisdiction,

*State v. Valladares,* 31 Wn. App. 63, 75–76, 639 P.2d 813 (1982), *rev'd in part on other grounds,* 99 Wn.2d 663, 664 P.2d 508 (1983). *Smith v. Shannon,* 100 Wn.2d 26, 37–38, 666 P.2d 351 (1983). Here, the juvenile offender did not raise the issue in the trial court. Since the issue does not involve any of the RAP 2.5(a) exceptions, we will not consider it on appeal for the first time.

 In a supplemental brief filed after oral argument in this case, the juvenile offender also suggests that RCW 9A.16.020(3) (footnote 4) is void for vagueness because the term "lawfully aiding" does not give fair notice of what conduct brings the actor within the statutory language. This assertion is misplaced. In *State v. Penn,* 89 Wn.2d 63, 66, 568 P.2d 797 (1977), the State Supreme Court set out the precise circumstances under which the defense of others is justified. RCW 9A.16.020(3) (footnote 4) then specifically enumerates the situations wherein a person may lawfully use protective force. Thus explicit standards do exist by which "lawfully aiding" is to be measured. Accordingly, RCW 9A.16.020(3) is not unconstitutionally vague.

Affirmed.

SWANSON and RINGOLD, JJ., concur.

Review denied by Supreme Court October 18, 1984.

---

(2) failure to establish facts upon which relief can be granted, and (3) manifest error affecting a constitutional right."