[No. 25597-9-II.   Division Two.   January 26, 2001.]

THE STATE OF WASHINGTON, *Respondent*, v. JACOB A. GARDNER, *Appellant*.

*Thomas E. Weaver, Jr.* (of *Law Office of Wecker Hunko Bougher*), for appellant (appointed counsel for appeal).

*Russell D. Hauge, Prosecuting Attorney,* and *Randall A. Sutton, Deputy,* for respondent.

ARMSTRONG, C.J. — Jacob Gardner used his foster brother's police radio, keying the microphone, playing music, talking on the radio, and imitating a sheriff. Gardner was charged with, and convicted of, second degree malicious

mischief.[1] On appeal, Gardner argues that there was insufficient evidence to prove: (1) that he "physically damaged or tampered with" a police radio; and (2) that a police radio frequency is a "mode of public communication." We affirm.

## FACTS

After the trial court denied Gardner's *Knapstad*[2] motion, the parties submitted the case to the bench on the following stipulated facts:

a. On November 20, 1999 in Kitsap County the defendant obtained his foster brother's official police radio. The defendant's foster brother was a cadet with a local law enforcement agency.

b. The defendant keyed the microphone, causing disruptive clicking sounds on the law enforcement frequency.

c. The defendant spoke on the radio, taunted law enforcement officers and played music on the radio. At one point the defendant attempted to imitate the voice of an actual deputy sheriff, causing confusion in the communication system.

d. The defendant's use of the law enforcement radio and the law enforcement radio frequency caused a significant disruption in the law enforcement radio communication system, interfering with the ability of local public law enforcement agencies to use the frequency for legitimate law enforcement business.

e. The defendant did not physically damage the radio. The defendant did not change channels on the radio or physically alter the radio.

The trial court found Gardner guilty.

## ANALYSIS

■ The parties agree that the issues presented are purely questions of law and, thus, subject to de novo review. *See State v. Crist*, 80 Wn. App. 511, 514, 909 P.2d 1341

---

[1] RCW 9A.48.080(1)(b).

[2] *State v. Knapstad*, 107 Wn.2d 346, 729 P.2d 48 (1986).

(1996). Under RCW 9A.48.080:

> (1) A person is guilty of malicious mischief in the second degree if he or she knowingly and maliciously:
>
> . . . .
>
> (b) Creates a substantial risk of interruption or impairment of service rendered to the public, by physically damaging or tampering with an emergency vehicle or property of the state, a political subdivision thereof, or a public utility or mode of public transportation, power, or communication.

The first question is whether the State established that Gardner physically tampered with the police radio. The State concedes that the rule of lenity requires that "physically" modify both "damaging" and "tampering." *See In re Personal Restraint of Mahrle*, 88 Wn. App. 410, 945 P.2d 1142 (1997). Gardner asserts that the State did not prove that he physically tampered with the radio. We disagree.

■ ■ "Tampering" is defined as "[t]o interfere in a harmful way." WEBSTER'S II NEW COLLEGE DICTIONARY 1126 (1999). Under the stipulated facts, Gardner "keyed the microphone, causing disruptive clicking sounds on the law enforcement frequency." At oral argument, the parties agreed that keying the microphone means depressing the transmitting button.[3] And the physical act of keying the microphone caused "disruptive clicking sounds" that interfered with the police communication system. Thus, the State's evidence was sufficient to establish the statutory element of "physically damaging or tampering" with the police radio.

Gardner also argues that a police frequency or a police radio is not a " 'mode of communication rendering service to the public.' " According to Gardner, public communication refers only to the media and does not include a police frequency. But Gardner did not make this argument before the trial court; rather, he argued only that he did not

---

[3] Keying derives from telegraphing where keys are pressed when transmitting. *See* http://www.metronet.com/~nmcewen/Federal_Telegraph_Relay.html.

physically tamper with the radio. Generally, we need not consider an issue raised for the first time on appeal that does not fall under any of the RAP 2.5 exceptions. *State v. Bobic*, 140 Wn.2d 250, 257, 996 P.2d 610 (2000); *State v. Clark*, 91 Wn. App. 69, 75-76, 954 P.2d 956 (1998), *aff'd*, 139 Wn.2d 152 (1999); *State v. Kirvin*, 37 Wn. App. 452, 461, 682 P.2d 919 (1984).

But Gardner contends that he argued sufficiency of the evidence below, which necessarily included his present argument that the police radio was not a mode of communication rendering service to the public. Again, we disagree. The stipulated facts focused on Gardner's argument that he did not physically tamper with the radio. If Gardner had argued that the police communication system was not public within the meaning of the statute, the parties could have agreed to additional facts or the State could have proved additional facts pertaining to the issue. But because Gardner did not argue the "public communication" issue, the State did not develop the record on the question. Under these circumstances, we are unwilling to consider the question on appeal. *See State v. McDonald*, 74 Wn.2d 474, 480, 445 P.2d 345 (1968).

Affirmed.

SEINFELD and QUINN-BRINTNALL, JJ., concur.