[No. 21956-9-III.  Division Three.  March 4, 2004.]

THE STATE OF WASHINGTON, *Respondent*, v. ROBERTO CARLOS HERNANDEZ, *Appellant*.

*Randy W. Smith*, for appellant.

*John D. Knodell*, *Prosecuting Attorney*, and *Carole L. Highland*, *Deputy*, for respondent.

SCHULTHEIS, J. — The Grant County Juvenile Court adjudged Roberto Carlos Hernandez guilty of second degree malicious mischief for spitting in a patrol car. On appeal, Mr. Hernandez contends the State failed to prove that he damaged or tampered with the patrol car. We find that the spittle did not constitute knowing and malicious damage or tampering that substantially risked impairment of the police car's service to the public. Accordingly, we reverse.

FACTS

The facts are not in dispute. On a Monday in November 2002, Officer Joseph Harris contacted Mr. Hernandez at the Quincy Alternative School to discuss Mr. Hernandez's involvement in the theft of a school television the previous Friday. Officer Harris took Mr. Hernandez outside to his patrol car and explained that he was being detained for questioning about the theft. Mr. Hernandez was belligerent and uncooperative when Officer Harris handcuffed him and

placed him in the back seat of the patrol car. On the trip to the station, Mr. Hernandez screamed, cursed, and spit several times—twice on the shield partition between the front and back seats, and twice on the floor of the car. Officer Harris told him to stop or he would be charged with malicious mischief. After he delivered Mr. Hernandez to the Grant County juvenile detention facility, Officer Harris spent about 15 minutes cleaning the back seat of his patrol car with disinfectant.

Mr. Hernandez was charged by information with one count of second degree theft (RCW 9A.56.020(1)(a), .040-(1)(a)), one count of second degree malicious mischief (RCW 9A.48.080(1)(b)), and one count of resisting arrest (RCW 9A.76.040(1)). He was adjudged guilty of the theft and malicious mischief charges and was sentenced to 15 to 36 weeks in a juvenile rehabilitation facility. He appeals only the sufficiency of the evidence to support second degree malicious mischief.

## DISCUSSION

To prove second degree malicious mischief relevant to the charge against Mr. Hernandez, the State must show that the defendant knowingly and maliciously:

> (b) Creates a substantial risk of interruption or impairment of service rendered to the public, by physically damaging or tampering with an emergency vehicle or property of the state, a political subdivision thereof, or a public utility or mode of public transportation, power, or communication.

RCW 9A.48.080(1). Maliciousness may be inferred from an act wrongfully done without just cause or excuse. RCW 9A.04.110(12).

Mr. Hernandez contends the State failed to prove that he tampered with the police car or physically damaged it sufficiently to support a charge of malicious mischief. Because this is a challenge to the sufficiency of the evidence, we review the evidence in the light most favorable to the State and determine whether any rational trier of fact could

have found the elements of the crime beyond a reasonable doubt. *State v. Tilton*, 149 Wn.2d 775, 786, 72 P.3d 735 (2003). The question here is whether the evidence shows that Mr. Hernandez (1) knowingly and maliciously (2) physically damaged or tampered with the police car and (3) thereby created a substantial risk of interruption or impairment of the police officer's service to the public. RCW 9A.48.080(1)(b).

Both parties cite *State v. Gardner*, 104 Wn. App. 541, 16 P.3d 699 (2001), one of the few cases to examine the second degree malicious mischief statute. In *Gardner*, the defendant accessed his foster brother's police radio. He pressed the transmitting button and produced disruptive clicking sounds that briefly interfered with the police communication system. *Id.* at 544. The trial court and Division Two on appeal agreed that the physical act of pushing the button was sufficient to establish the element of "physically damaging or tampering" required by the statute. *Id.* In doing so, Division Two adopted a dictionary definition of tampering: interfering in a harmful way. *Id.* (quoting WEBSTER'S II NEW COLLEGE DICTIONARY 1126 (1999)).

█ Under the plain terms of RCW 9A.48.080(1), we find insufficient evidence that Mr. Hernandez knowingly and maliciously damaged or tampered with the police vehicle or that he consequently created a substantial risk of interruption or impairment of its service to the public. Unlike the defendant in *Gardner*, Mr. Hernandez did not disrupt emergency services by physically manipulating a device crucial to those services. His actions simply did not rise to the level of knowing and malicious creation of a substantial risk of interruption or impairment of service to the public. Accordingly, we find that the evidence is insufficient to establish second degree malicious mischief beyond a reasonable doubt.

Reversed.

KATO, A.C.J., and SWEENEY, J., concur.

Reconsideration denied April 7, 2004.