

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 35916-6-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| RYAN ANDREW BARONE, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |
| | ) | |

SIDDOWAY, J. — Ryan Andrew Barone appeals his conviction of second degree malicious mischief, challenging the sufficiency of the evidence. He also assigns error to the trial court's imposition of a $200 filing fee. We conclude that the evidence is sufficient to support the jury's verdict, and affirm. But we remand to strike the $200 filing fee.

FACTS

On the afternoon of February 3, 2018, Whitman County police received 911 calls reporting that a vehicle was speeding and passing other vehicles on the right shoulder of the road and in the lane of oncoming traffic. An officer located the vehicle, which pulled over soon after. The driver, Mr. Barone, was arrested for suspicion of driving under the influence of an intoxicant. Due to Mr. Barone's angry demeanor, the officer denied his request to go to a bathroom. Mr. Barone then urinated in the patrol car while he was being driven to jail.

At the jail, a corrections officer first placed Mr. Barone in the "wet cell," the jail's term for the booking cell that contains a sink and toilet. Mr. Barone was angry and uncooperative. He removed all of his urine-stained clothes, but refused to put on a jail-issued jumpsuit. An officer served Mr. Barone a meal of a chili hot dog, salad, and two juice cups. Almost immediately, Mr. Barone threw the food, dishes, and plastic-ware into the toilet and tried to flush them down. As a consequence, he was moved to the "dry cell," which had no sink or toilet. Mr. Barone then proceeded to urinate on the floor of the "dry cell." Officers reported that he acted erratically, running and jumping at the cell camera. As a result of his actions, which created a biohazard, the jail's only two booking

2

cells had to be decontaminated before anyone else could be placed there. By midnight

that night, both cells had been adequately cleaned.

The State charged Mr. Barone with malicious mischief in the second degree, as

follows:

> (1) A person is guilty of malicious mischief in the second degree if he or she knowingly and maliciously:
> . . . .
> (b) Creates a substantial risk of interruption or impairment of service rendered to the public, by physically damaging or tampering with an emergency vehicle or property of the state, a political subdivision thereof, or a public utility or mode of public transportation, power, or communication.

RCW 9A.48.080(1)(b). At the jury trial, the State presented the testimony of the

Whitman County corrections officers; the defense rested without presenting testimony.

The jury found Mr. Barone guilty as charged.

## SUFFICIENCY OF THE EVIDENCE

Mr. Barone contends the evidence is insufficient to support the jury's verdict that

he committed second degree malicious mischief. He argues that the evidence fails to

show that he knowingly and maliciously created a substantial risk of interruption or

3

impairment of a service rendered to the public. In particular, he asserts that his behavior was not knowing or malicious and did not substantially interrupt the use of the jail cells.

When the sufficiency of the evidence to support a conviction is challenged, we ask whether, after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *State v. Cardenas-Flores*, 189 Wn.2d 243, 273, 401 P.3d 19 (2017). We give deference to the trier of fact, who resolves conflicts in testimony and evaluates the credibility if the witnesses. *State v. Young*, 158 Wn. App. 707, 722, 243 P.3d 172 (2010).

Mr. Barone first contends the State failed to present sufficient evidence that he acted maliciously. "Maliciousness may be inferred from an act wrongfully done without just cause or excuse." *State v. Hernandez*, 120 Wn. App. 389, 391, 85 P.3d 398 (2004) (citing RCW 9A.04.110(12)). Mr. Barone's act of throwing his dinner, dishes, and plastic ware into the toilet and flushing was wrongful and without just cause or excuse. The jury was entitled to infer that he acted maliciously.

Citing *Hernandez*, Mr. Barone next contends that the State failed to prove that he interrupted or impaired a public service by forcing the staff to clean the holding cells. In *Hernandez*, 120 Wn. App. at 392, this court held that the defendant's act of spitting four times in a patrol car did not constitute knowing and malicious tampering that created a

substantial risk of interrupting or impairing service to the public. *Hernanez* is distinguishable because simply spitting four times in a patrol car creates little risk that police services will be impaired or interrupted. *See State v. Turner*, 167 Wn. App. 871, 877, 275 P.3d 356 (2012). Under RCW 9A.48.080(1)(b), the State is required to prove that Mr. Barone created a "substantial risk" of interruption or impairment, not that he actually interrupted or impaired a service rendered to the public. *Turner*, 167 Wn. App. at 877. By plugging the toilet of one holding cell and urinating on the floor of the only other holding cell, Mr. Barone created a substantial risk that that the lodging of prisoners in those cells would be interrupted for a period of time.

Viewing the evidence in the light most favorable to the State, we hold that the prosecution presented sufficient evidence for a rational juror to conclude beyond a reasonable doubt that Mr. Barone knowingly and maliciously tampered with the holding cells and thereby created a substantial risk of interruption or impairment of service to the public. RCW 9A.48.080(1)(b).

## FILING FEE

Mr. Barone filed a supplemental brief challenging the trial court's imposition of a criminal filing fee. At the time he was sentenced, this fee was mandatory. Former RCW 36.18.020(2)(b) (2015). A legislative enactment effective June 7, 2018, amended RCW 36.18.020(2)(b) to prohibit imposition of the $200 criminal filing fee on indigent

defendants. This amendment applies prospectively to cases pending on appeal. *State v. Ramirez*, 191 Wn.2d 732, 745-49, 426 P.3d 714 (2018). That includes Mr. Barone's case. The trial court found Mr. Barone indigent and he has filed with this court a report of continued indigency. As a result, we direct the trial court to strike the filing fee.

CONCLUSION

The sentence is remanded to strike the criminal filing fee. Otherwise, the judgment and sentence is affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Siddoway, J.

WE CONCUR:

_____
Lawrence-Berrey, C.J.

_____
Pennell, J.