**Mark O. McVICKERS a/k/a John Randall Oharrow, et al., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–91–461–CR.**

Court of Appeals of Texas, Corpus Christi.

July 30, 1992.

Rehearing Overruled Sept. 9, 1992.

Discretionary Review Granted Jan. 20, 1993.

Jim W. James, James & Torrey, Bryan, for appellant.

Jim Kuboziak, County Atty., Rodney Anderson, Michele Esparza, Asst. County Attys., Bryan, for appellee.

Before NYE, C.J., and FEDERICO G. HINOJOSA, Jr., and KENNEDY, JJ.

## OPINION

FEDERICO G. HINOJOSA, Jr., Justice.

Appellant pleaded guilty to the offense of driving while intoxicated, and the trial court found him guilty and assessed punishment at confinement for one year, probated for two years, and a $100 fine. By two points of error, appellant complains that the trial court erred by admitting hearsay testimony, over objection, during a suppression hearing and by overruling the motion to suppress evidence. We reverse the judgment and remand the case to the trial court.

Lieutenant Knowles and Officer Hanel, two Bryan police officers, stopped Mark McVickers in downtown Bryan. Knowles and Hanel requested assistance, and Officer Smith arrived at the scene shortly thereafter. Smith tested McVickers' sobriety before arresting him for driving while intoxicated. Smith then took McVickers to the sheriff's office, where McVickers refused breath and blood tests.

McVickers filed a motion to suppress observations and opinions, alleging that the initial stop was illegal. He also filed a motion to suppress statements made in custody, alleging, among other things, that his "arrest was without probable cause and without valid warrant and any statement resulting thereof is a fruit of the illegal stop."

Neither Knowles nor Hanel testified at the suppression hearing concerning their reasons for stopping McVickers' vehicle. During Officer Smith's testimony at the suppression hearing, the following exchange occurred:

[Prosecutor] Did either Lieutenant Knowles or Officer Hanel tell you why the defendant had been stopped?

[Smith] Yes, sir.

[Prosecutor] Why did they tell you?

[Defense counsel] Your honor, I'm going to object. I'm not—Whether he was—This is a determination of the probable cause to make the stop. This officer does not have, in court, any personal knowledge of whether they were telling the truth—

THE COURT: Is hearsay admissible?

[Prosecutor] In a probable cause hearing it is, Judge.

The trial court recessed the hearing to allow both sides to research this point of law. When the hearing resumed, defense counsel renewed the hearsay objection, which the trial court overruled. Another recess was ordered to allow the prosecutor time to find Officer Smith, since he had left the courthouse and was not present in the courtroom. The prosecutor asked the trial court to recess the hearing and reset it for a later time if appellant wished "to reurge his motions and bring in the officers who made the stop—but [he] has not shifted the burden to the State." The prosecutor asked the trial court to overrule the motions, but defense counsel indicated that he had not rested.

When the hearing resumed, the prosecutor asked Smith why Knowles and Hanel had stopped appellant. Defense counsel renewed the hearsay objection and requested that the trial court allow him to take Smith on voir dire. On voir dire, Smith admitted that he knew the reasons for the stop solely because of statements that Knowles and Hanel had made to him. Defense counsel argued that Officer Smith did not make the initial stop and that testimony concerning the hearsay statements of Knowles and Hanel should not be admitted into evidence. The trial court reserved ruling and granted a running objection to the hearsay testimony. Smith testified that Knowles and Hanel had told him that they had followed appellant through town and had seen appellant run red lights and cross traffic lanes.

Appellant testified that he did not violate any traffic laws. On cross-examination appellant stated that he did not remember "blowing a red light," although he recalled a blinking yellow light at a particular intersection. He did not remember crossing any traffic lanes. On cross-examination, appellant was asked if Knowles and Hanel had informed him why he had been stopped. Defense counsel objected on hearsay grounds. After the trial court overruled the objection, appellant stated that Knowles and Hanel had told him that he had run a red light. The trial court overruled the motions to suppress and the hearsay objections. Pursuant to a plea bargain, appellant pleaded guilty and gave notice of appeal of the pre-trial suppression ruling. *See Lemmons v. State*, 818 S.W.2d 58 (Tex.Crim.App.1991).

By his first point of error, appellant complains that the trial court erred by overruling his hearsay objections at the suppression hearing. He argues that an arresting officer may testify to hearsay which formed probable cause for him to arrest or stop a suspect, citing *Adams v. State*, 552 S.W.2d 812 (Tex.Crim.App.1977). However, he contends that the rules of evidence are not so relaxed in suppression hearings that an officer who did not stop a defendant may testify concerning the reasons other officers stated for stopping the defendant. The State contends that *Adams* controls and that hearsay is admissible in suppression hearings.

■ The State bears the burden of proving the legality of a warrantless arrest

or search. *Lalande v. State*, 676 S.W.2d 115, 116 (Tex.Crim.App.1984). The State also bears the burden of proving the legality of a warrantless seizure. *Higbie v. State*, 723 S.W.2d 802, 805 (Tex.App.—Dallas 1987), *aff'd*, 780 S.W.2d 228 (Tex.Crim. App.1989). A Fourth Amendment seizure occurs when a government agent terminates freedom of movement through means intentionally applied. *Michigan Dep't of State Police v. Sitz*, 496 U.S. 444, 450, 110 S.Ct. 2481, 2485, 110 L.Ed.2d 412 (1990). Stops by roving patrols are considered Fourth Amendment seizures. *Delaware v. Prouse*, 440 U.S. 648, 653, 99 S.Ct. 1391, 1395, 59 L.Ed.2d 660 (1979). An officer may lawfully stop and detain a person for a traffic violation. *Garcia v. State*, 827 S.W.2d 937, 944 (Tex.Crim.App.1992).

Hearsay testimony is generally allowed in suppression hearings. *Juarez v. State*, 758 S.W.2d 772, 774 n. 1 (Tex.Crim.App. 1988); *Murphy v. State*, 640 S.W.2d 297, 299 (Tex.Crim.App.1982); *Adams*, 552 S.W.2d at 814 n. 1; *Hutchinson v. State*, 509 S.W.2d 598, 600 (Tex.Crim.App.1974). An examination of these cases reveals that in each case the arresting officer offered the statements he heard during his investigation of the suspect and from which he developed probable cause to arrest or detain the suspect. None of these cases addresses whether an officer, who did not initially detain the suspect, may give hearsay testimony concerning the reasons the suspect was stopped.

In *Adams*, 552 S.W.2d at 814, the Court of Criminal Appeals held that hearsay is admissible in suppression hearings, following the reasoning of the Supreme Court in *United States v. Matlock*, 415 U.S. 164, 94 S.Ct. 988, 39 L.Ed.2d 242 (1974); *Draper v. United States*, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959); *Brinegar v. United States*, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949). In *Matlock*, the Court indicated that the things to be proved in a probable cause hearing and a criminal trial differ and that the Federal Rules of Evidence explicitly provide that they do not apply when a judge determines the admissibility of evidence. *Matlock*, 415 U.S. at 173–174, 94 S.Ct. at 994; FED.R.EVID. 104(a), 1101(d)(1).

Indeed, the Supreme Court has held that hearsay may establish probable cause to support a warrant, *Franks v. Delaware*, 438 U.S. 154, 165, 98 S.Ct. 2674, 2681, 57 L.Ed.2d 667 (1978), and to support a warrantless arrest, *McCray v. Illinois*, 386 U.S. 300, 305, 87 S.Ct. 1056, 1059, 18 L.Ed.2d 62 (1967); *Draper*, 358 U.S. at 311–12, 79 S.Ct. at 332. The Court has also held that hearsay may establish consent to search. *Matlock*, 415 U.S. at 175, 94 S.Ct. at 995. The Court of Criminal Appeals has held that double hearsay, from informant to affiant to magistrate, may support probable cause for a warrant. *Hennessy v. State*, 660 S.W.2d 87, 91 (Tex.Crim.App. 1983). The hearsay statements in these cases gave rise to probable cause. The cases do not address whether third persons may testify at a suppression hearing concerning statements the arresting or detaining officer made about his reasons for the arrest.

Appellant claims support in TEX.R.CRIM. EVID. 1101(d)(4). The Texas Rules of Criminal Evidence are internally inconsistent and conflict with their federal counterparts. Both the Texas and the Federal Rules state:

> Preliminary questions concerning the qualification of a person to be a witness, the existence of a privilege, or the admissibility of evidence shall be determined by the court, subject to the provisions of subdivision (b). In making its determination it is not bound by the rules of evidence except those with respect to privileges.

FED.R.EVID. 104(a); TEX.R.CRIM.EVID. 104(a). As the Supreme Court noted in *Matlock*, the Federal Rules emphasize this provision in Rule 1101(d)(1):

> The rules (other than with respect to privileges) do not apply in the following situations: (1) The determination of questions of fact preliminary to admissibility of evidence when the issue is to be determined by the court under rule 104.

FED.R.EVID. 1101(d)(1). By contrast, the Texas Rules state:

> In the following proceedings these rules apply to the extent matters of evidence

are not provided for in the statutes which govern procedure therein or in another court rule prescribed pursuant to statutory authority:

(4) Motions to suppress confessions, or to suppress illegally obtained evidence under Texas Code of Criminal Procedure article 38.23.

TEX.R.CRIM.EVID. 1101(d)(4).

No other court of this State has construed the meaning of Rule 1101(d)(4). Our research reveals that only one commentator, Professor Olin Guy Wellborn, III, has written on this issue.

Hearings on motions to suppress confessions or illegally obtained evidence are made subject to the Rules of Evidence by subparagraph (d)(4). Since under Texas law a judicial determination to admit the evidence in these cases is subject to redetermination by the jury, it is logical to require that the judicial determination be based solely upon admissible evidence. The previous case law appears to support this principle.

Wellborn, *Article I of the Texas Rules of Evidence and Articles I and XI of the Texas Rules of Criminal Evidence: Applicability of the Rules, Procedural Matters, and Preserving Error*, 18 St. Mary's L.J. 1165, 1200–01 (1987) (citing *Irvin v. State*, 563 S.W.2d 920, 923–24 (Tex.Crim.App. 1978)).

We note that TEX.CODE CRIM.PROC.ANN. art. 28.01 § 1(6) (Vernon 1989) provides that when a hearing on a motion to suppress evidence is granted, the trial court may determine the merits of the motion on the motions themselves, on opposing affidavits, or on oral testimony. That statute, however, only grants the trial court discretion in choosing whether to hear testimony. Once the court has chosen to hear testimony, the statute grants the trial court no discretion to reject the rules of evidence.

The Code Construction Act provides us guidance in attempting to resolve the apparent contradiction between Rules 104(a) and 1101(d)(4). The Act applies to rules promulgated under a statutory grant of authority. TEX.GOV.CODE ANN. § 311.002(4) (Vernon 1988). The Court of Criminal Appeals promulgates evidentiary rules under statutory authority. TEX.GOV.CODE ANN. § 22.109 (Vernon 1988). We presume that the entire statute or rule is intended to be effective. TEX.GOV.CODE ANN. § 311.021(2) (Vernon 1988). If a general provision conflicts with a specific provision, we construe the provisions so that we give effect to both. TEX.GOV.CODE ANN. § 311.026(a) (Vernon 1988). If we cannot reconcile the conflict between the general provision and the special provision, then the special provision prevails as an exception to the general provision, unless the general provision is the later enactment and is manifestly intended to prevail. TEX.GOV.CODE ANN. § 311.026(b) (Vernon 1988).

The Court of Criminal Appeals ordered on December 18, 1985, that the Rules of Criminal Evidence take effect on September 1, 1986, including Rules 104(a) and 1101(d)(4). If we hold that Rule 104(a) is "another court rule prescribed pursuant to statutory authority" that supersedes Rule 1101(d)(4), then we render Rule 1101(d)(4) meaningless and violate the presumption that all of the rules are intended to be effective. We, therefore, must construe Rule 104(a) to be a general rule that allows the trial court to hear any evidence relevant to the admissibility of challenged evidence, regardless of the admissibility of the evidence offered in support or in opposition of the challenged evidence. We must also construe Rule 1101(d)(4) to be a special provision that carves an exception to the general rule and requires the State to meet its burden in a suppression hearing with competent evidence.

 We hold that the rules of evidence apply in a hearing on a motion to suppress evidence. The trial court erred in admitting the hearsay testimony of Officer Smith concerning Officer Hanel's and Lieutenant Knowles' statements regarding their reasons for stopping McVickers. In so holding, we are not unmindful of the fact that Texas courts have consistently held that hearsay is admissible in suppression hearings. We note, however, that those courts have not addressed Rule 1101(d)(4), which is raised by appellant. We also note that the out-of-court declara-

tions used to support arrests in *Hutchinson, Adams, Murphy,* and *Juarez* were not hearsay under Tex.R.Crim.Evid. 801(d).

■■■ Whether the criminal defendant seeks to suppress evidence obtained through a warranted search, a warrantless arrest or an investigatory stop, while the level of certainty may vary, the essential question remains the same: did the government agent who intruded upon the citizen's privacy have sufficient information to warrant such intrusion? In the case of investigatory stops, the detention is justified if the law enforcement officer has specific, articulable facts, when in light of his experience and general knowledge, together with rational inferences from those facts would reasonably warrant the intrusion on the freedom of the citizen stopped for investigation. *Terry v. Ohio,* 392 U.S. 1, 21, 88 S.Ct. 1868, 1879, 20 L.Ed.2d 889 (1968). A warrant to search is justified if all the circumstances set forth in the affidavit before the magistrate, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, show that there is a fair probability that contraband or evidence of a crime will be found in a particular place. *Illinois v. Gates,* 462 U.S. 213, 238, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983).

■■■ While the reliability of the source of the information may be an issue in a suppression hearing, the truth of the facts asserted to the officer is not.[1] The focus of the suppression hearing, and the purpose for which the evidence is offered, is to establish the information on which the government agent relied, not to establish the truth of that information.

Therefore, our holding that the rules of evidence apply to suppression hearings in this State and that hearsay is not admissible in suppression hearings should not be read to conflict with *Juarez, Murphy,* or *Adams.* Officers may still testify concerning statements they heard that caused them to believe they had probable cause to arrest a suspect or reasonable suspicion to detain a suspect for investigation. Affidavits presented to magistrates are still ad-

missible to show probable cause for a warrant. These utterances are not hearsay as hearsay is defined in the rules of evidence. However, an officer may not testify to the reasons another officer gave for detaining a suspect. In such a case, the out-of-court utterance is offered for the truth of the matter asserted and comes squarely within the ambit of the hearsay rule.

We further note that a trial court has discretion to determine a motion to suppress on the motion itself, on affidavits, or on oral testimony. Tex.Code Crim.Proc. Ann. art. 28.01 § 1(6). This provision supersedes the rules of evidence. Tex. R.Crim.Evid. 101(c); Tex.R.Crim.Evid. 1101(d)(4). If the trial court chooses to determine a motion to suppress on affidavits, the defendant may not object to an affidavit submitted by the detaining officer regarding the reasons for stopping the defendant. In this case, had Officer Hanel or Lieutenant Knowles submitted an affidavit stating their reasons for stopping McVickers, the trial court could have properly accepted it. The trial court, however, could not have accepted an affidavit from Officer Smith which stated that Officer Hanel stopped McVickers and told Smith that McVickers had run a red light, because such an affidavit would contain hearsay.

We, therefore, sustain appellant's first point of error.

By his second point of error, appellant complains that the trial court erred in denying his motion to suppress evidence. Appellant properly objected that the evidence used against him was inadmissible. Since we have agreed with appellant that the evidence used against him was inadmissible and since the State offered no other evidence to prove the legality of the seizure, we find that there is no evidence showing the seizure's legality. The trial court erred in denying appellant's motion to suppress. We sustain appellant's second point of error.

---

**1.** A defendant may, of course, raise an issue that the affiant deliberately included false informa-

tion when applying for a warrant. *Franks v. Delaware,* 438 U.S. at 171–172, 98 S.Ct. at 2684.

We REVERSE the judgment of the trial court and REMAND the case to the trial court for further proceedings.