[No. 16519-1-III.   Division Three.   July 31, 1997.]

*In the Matter of the Personal Restraint of* CRAIG EDWARD MAHRLE, *Petitioner.*

*Milton D. Ghivizzani*, for petitioner.

*Christine O. Gregoire, Attorney General*, and *John S. Blonien* and *Thomas J. Young, Assistants*, for respondent.

Kurtz, J. — Craig Edward Mahrle seeks relief from personal restraint imposed following his conviction of solicitation to commit second degree murder. He contends the Department of Corrections (DOC) has incorrectly applied RCW 9.94A.150(1) to his sentence. That statute provides that for certain offenses, an inmate may earn early release time equal to only 15 percent of his total sentence. Mr. Mahrle believes his crime falls under the general ''other case'' provision of the same statute that permits earned early release time for up to one-third of the sentence.

RCW 9.94A.150(1) reads:

> [T]he term of the sentence of an offender . . . may be reduced by earned early release time . . . . In the case of an offender convicted of a *serious violent offense* or a **sex offense** that is a class A felony committed on or after July 1, 1990, the aggregate earned early release time may not exceed fifteen percent of the sentence. In no other case shall the aggregate earned early release time exceed one-third of the total sentence.

(Emphasis added). Former RCW 9.94A.030(27)(a) defines ''serious violent offense'' as first degree murder, homicide by abuse, second degree murder, first degree assault, first degree kidnapping, first degree rape, first degree assault of a child, or ''an attempt, criminal solicitation, or criminal conspiracy to commit one of these felonies.''

Mr. Mahrle's crime of solicitation to commit second degree murder is a "serious violent offense" under RCW 9.94A.030. But it is only a class B felony. RCW 9A.28.030. He asserts the 15 percent limitation of RCW 9.94A.150(1) applies only to serious violent offenses that are also class A felonies. That is, the "class A felony" limitation that immediately follows "sex offense," in bold above, also limits the phrase "serious violent offense," in italics above. DOC argues the limitation applies only to the phrase immediately preceding it, "sex offenses." No Washington case has yet addressed this question.

In support of his argument the "class A felony" limitation applies to "serious violent offenses," Mr. Mahrle relies upon the following facts, taken from the Senate Journal, and other legislative history of RCW 9.94A.150. Specifically, the 1990 amendment to RCW 9.94A.150 was passed in response to recommendations made by Governor Booth Gardner's Task Force on Community Protection. Originally, the proposed bill put a 15 percent cap on good time for persons convicted of "a sex offense that is a class A felony." The Senate amended the act to add the phrase "a serious violent offense," as it now appears in the statute. The amendment was on Senator Gaspard's motion, who stated on the floor of the Senate: "These are crimes that we should all be very much repulsed by, the murder, the homicide by abuse, assault, kidnapping, rape, and I think these types of crimes ought to be included in reduction of good time." Senator McDonald, Chair of the Senate Ways and Means Committee, is also quoted as asking Norm Maleng of the Task Force why the original provision was restricted to sex crimes: "Others have said 'let's do it for all class A felonies' why did you restrict it to that area?" Mr. Maleng answered that the Task Force believed its mandate from the Governor had to do with sex offenses.

DOC counters that Mr. Mahrle's interpretation violates the "last antecedent rule" of statutory construction. That rule provides that qualifying words refer to the last antecedent, unless a contrary intention appears in the statute.

*In re Sehome Park Care Ctr., Inc.*, 127 Wn.2d 774, 781, 903 P.2d 443 (1995). "However, the presence of a comma before the qualifying phrase is evidence the qualifier is intended to apply to all antecedents instead of only the immediately preceding one." *Sehome*, 127 Wn.2d at 781-82. RCW 9.94A.150 does not have a comma after "sexual offense," the last antecedent before the "class A felony" limitation.

■ Nevertheless, courts do not apply rules of statutory construction in a literal or absolute fashion. For example, the court in *Ludwig v. State*, 931 S.W.2d 239 (Tex. Crim. App. 1996) recognized that the "last antecedent rule" is itself subject to varying applications, based upon the punctuation used by the drafters in composing a statute. There, the issue involved interpretation of an exception to the husband/wife privilege to refuse to disclose confidential communications made to them by their spouse. The exception provided that there is no privilege

> [i]n a proceeding in which an accused is charged with a crime against the person of any minor child or any member of the household of either spouse . . . .

*Ludwig*, 931 S.W.2d at 240 n.4 (quoting TEX. R. CR. EVID. 504(2)) (emphasis omitted). The defendant contended "any minor child" was modified by the prepositional phrase "of either spouse." *Ludwig*, 931 S.W.2d at 241. The State asserted "any minor child" stood alone, without a modifier. *Ludwig*, 931 S.W.2d at 241.

*Ludwig* took note of the general rule that " 'the presence of a comma separating a modifying clause in a statute from the clause immediately preceding is an indication that the modifying clause was intended to modify all the preceding clauses and not only the last antecedent one.' " *Ludwig*, 931 S.W.2d at 241 (quoting 82 C.J.S. *Statutes* § 334, at 672 (1953)). Under that rule, if the limiting phrase applied to "minor child," the language at issue would be punctuated as follows: There is no husband/wife privilege

> [in a proceeding in which the accused is charged with a] crime

against the person of any minor child or any member of the household, of either spouse.

*Ludwig*, 931 S.W.2d at 241.

But, the court pointed out that another rule of punctuation supported the defendant's interpretation. "That is . . . '[g]enerally, a comma should precede a conjunction connecting two coordinate clauses or phrases in a statute in order to prevent the following qualifying phrases from modifying the clause preceding the conjunction.' " *Ludwig*, 931 S.W.2d at 242, (quoting 82 C.J.S., *supra*). Under that rule, if the limiting phrase did not apply to "minor child," the language at issue would be punctuated as follows: There is no husband/wife privilege

[in a proceeding in which the accused is charged with a] crime against the person of any minor child, or any member of the household of either spouse.

*Ludwig*, 931 S.W.2d at 242.

In *Ludwig*, the language at issue was not punctuated by any commas. Hence, the court concluded it could not determine based upon principles of punctuation whether the state's or the defendant's construction was the intended one. *Ludwig*, 931 S.W.2d at 242. Further, "[a]bsent contrary evidence of the [drafters'] intent, [the court stated it] would . . . be inclined to resolve the ambiguity . . . by holding the exception was meant to cover only the minor child of either spouse." *Ludwig*, 931 S.W.2d at 243.[1]

Here, the language at issue is also unpunctuated. It places a 15 percent cap on good time for persons

convicted of a serious violent offense or a sex offense that is a class A felony committed on or after July 1, 1990 . . . .

---

[1]The court ultimately decided the issue in the state's favor, based upon evidence of the drafters' intent that supported that interpretation. That is, the drafters amended the language, changing "a minor child," to "*any* minor child." The court held the amendment indicated the exception was not limited to minor children of the spouse.

As in *Ludwig*, the Legislature could have used commas to clarify its intent. The following use of a comma would have supported Mr. Mahrle's interpretation: The 15 percent cap applies to persons

> convicted of a serious violent offense or sex offense, that is a class A felony, committed on or after July 1, 1990 . . . .

On the other hand, the Legislature could have made clear "class A felony" applied only to sexual offenses, by punctuating the language in the following manner: The 15 percent cap applies to persons

> convicted of a serious violent offense, or a sexual offense that is a class A felony, committed on or after July 1, 1990 . . . .

■ Because it did neither, RCW 9.94A.150(1) is capable of two reasonable interpretations, as represented by the positions of Mr. Mahrle and DOC. The legislative history cited by Mr. Mahrle does not resolve the ambiguity. Rather, it appears the Legislature did not consider the question of whether serious violent offenses that are attempts and solicitations should be included in the 15 percent cap on good time.

■■ In criminal cases, "[t]he rule of lenity provides that where an ambiguous statute has two possible interpretations, the statute is to be strictly construed in favor of the defendant." *State v. Lively*, 130 Wn.2d 1, 14, 921 P.2d 1035 (1996). We hold RCW 9.94A.150(1) is ambiguous and strictly construe it, in Mr. Mahrle's favor, to apply the "class A felony" limitation to the phrase "a serious violent offense."

We therefore grant Mr. Mahrle's personal restraint petition and direct DOC to calculate his good time up to one-third of his total sentence.

SWEENEY, C.J., and SCHULTHEIS, J., concur.