UNITED STATES of America,
Plaintiff,

v.

Cynthia L. MARTINEZ, a/k/a Cynthia Lynn Hedum, a/k/a Cynthia M. Lyda, Defendant.

No. SA–98–CR–158–OG.

United States District Court,
W.D. Texas,
San Antonio Division.

March 10, 1999.

Demetrius K. Bivins, Assistant United States Attorney, San Antonio, TX, Jack Stick, Assistant United States Attorney, San Antonio, TX, for U.S.

Kurt Gene May, Assistant Public Defender, San Antonio, TX, Carolyn Fuentes,

---

Assistant Public Defender, San Antonio, TX, for defendant.

### ORDER

ORLANDO L. GARCIA, District Judge.

Defendant is charged in an eleven-count superceding indictment with numerous acts of child abuse that allegedly caused injury to her two minor sons, Daniel and Joseph Martinez, while they were patients at Wilford Hall Medical Center, which is located on Lackland Air Force Base, a federal enclave. David Martinez, defendant's former husband and father of Daniel and Joseph, is expected to testify against defendant. Defendant has filed a motion asking the Court to exclude the communications between her and Martinez during their 10–year marriage (Doc. 210). Defendant and Martinez were divorced in May, 1995. The motion will be denied.

■ The spousal-communications privilege protects "information privately disclosed between husband and wife in the confidence of the marital relationship." *Trammel v. United States,* 445 U.S. 40, 51, 100 S.Ct. 906, 913, 63 L.Ed.2d 186 (1980). The purpose of the privilege is to foster harmony in the marital relationship. *Id.* at 44, 100 S.Ct. at 909.

■ The privilege is not absolute. It applies generally only to utterances, and not to acts. *Pereira v. United States,* 347 U.S. 1, 6–7, 74 S.Ct. 358, 361, 98 L.Ed. 435 (1954). It does not exist for marital communications about crimes in which spouses were jointly involved. *United States v. Mendoza,* 574 F.2d 1373, 1381 (5th Cir.), *cert. denied,* 439 U.S. 988, 99 S.Ct. 584, 58 L.Ed.2d 661 (1978). Nor may a defendant exclude an out-of-court statement by the spouse when offered against the defendant by a writing or through a third-party witness. *United States v. Archer,* 733 F.2d 354, 359 (5th Cir.), *cert. denied,* 469 U.S. 861, 105 S.Ct. 196, 83 L.Ed.2d 128 (1984).

In *Trammel,* 445 U.S. at 47, 100 S.Ct. at 911, the Supreme Court noted the intention of Congress "not to freeze the law of privilege" and to give the courts flexibility to make changes on a case-by-case basis.[1] The need for the evidence must be weighed against the societal interests that underlie the privilege. *Id.* at 51, 100 S.Ct. at 912. Federal courts have created an exception to the privilege in instances in which a spouse commits an offense against another spouse. *See* 25 WRIGHT & GRAHAM, FEDERAL PRACTICE AND PROCEDURE § 5592 at 738 (1989); 2 LOUISELL & MUELLER, FEDERAL EVIDENCE, at 883–909 (1985). In addition, two circuits have recognized an exception to the privilege when the victim of the offense is a child within the household. *United States v. Bahe,* 128 F.3d 1440, 1446 (10th Cir.1997), *cert. denied,* —— U.S. ——, 118 S.Ct. 1327, 140 L.Ed.2d 489 (1998); *United States v. White,* 974 F.2d 1135, 1137–38 (9th Cir.1992). The Eighth Circuit has extended this exception to the privilege against adverse spousal testimony. *United States v. Allery,* 526 F.2d 1362, 1367 (8th Cir.1975). *See also, Ludwig v. State,* 931 S.W.2d 239, 244 (Tex. Crim.App.1996) (en banc) (interpreting state evidentiary rule to establish exception to marital communications privilege in any crime against any minor child).[2]

■ A privilege deeply rooted in society's interest in promoting marital harmony and stability must surely wither when the defendant-spouse is accused of abusing the children of that marriage. "[A] serious crime against a child is an offense against that family harmony and to society[,]" as

---

**1.** FED.R.EVID. 501 states that except as mandated by the Constitution or a statute, "the privilege of a ... person ... shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience."

**2.** While state privilege law is not controlling in a federal criminal case, *Ludwig* is illustrative of the many state cases that have done away with the privilege in cases involving crimes against children.

well as a wrong against the other spouse. *Allery,* 526 F.2d at 1366.

> Child abuse is a horrendous crime. It generally occurs in the home, *see. Allery,* 526 F.2d at 1366, and is often covered up by the innocence of small children and by threats against disclosure. It would be unconscionable to permit a privilege grounded on promoting communications of trust and love between marriage partners to prevent a properly outraged spouse with knowledge from testifying against the perpetrator of such a crime.

*Bahe,* 128 F.3d at 1446. As the Supreme Court recognized in *Trammel* in discussing the testimonial privilege, "[w]hen one spouse is willing to testify against the other in a criminal proceeding—whatever the motivation—their relationship is almost certainly in disrepair; there is probably little in the way of marital harmony for the privilege to preserve." 445 U.S. at 52, 100 S.Ct. at 913. This is certainly even more the case when the defendant-spouse is accused of child abuse.

Children, especially those of tender years who cannot defend themselves or complain, are vulnerable to abuse. Society has a stronger interest in protecting such children than in preserving marital autonomy and privacy. 25 WRIGHT & GRAHAM, FEDERAL PRACTICE AND PROCEDURE § 5593 at 762 (1989). "A contrary rule would make children a target population within the marital enclave." *Id.* at 761. *See also* 2 LOUISELL & MUELLER, FEDERAL EVIDENCE, at 886 (1985). Society rightly values strong, trusting, and harmonious marriages. Yet, a strong marriage is more than the husband and wife, and it is more than merely an arrangement where spouses may communicate freely in confidence. A strong marriage also exists to nurture and protect its children. When children are abused at the hands of a parent, any rationale for protecting marital communications from disclosure must yield to those children who are the voiceless and powerless in any family unit.

The Court has made a thorough search of the law in this circuit and has found no authority that would preclude this exception to the communications privilege in the context of a child abuse case. Nor has the Court found any law in our nation's jurisprudence that would extend the privilege under these circumstances. Admittedly, the Court has not undertaken an historical review of the privilege or of the genesis of the concept that gave rise to the privilege. The Court has not searched the dark corners of the world, nor that era when mankind lived within the confines of a cave that might call for a contrary result.

The Court therefore concludes that in a case where one spouse is accused of abusing minor children, society's interest in the administration of justice far outweighs its interest in protecting whatever harmony or trust may at that point still remain in the marital relationship. "Reason and experience" dictate that the marital communications privilege should not apply to statements relating to a crime where the victim is a minor child.

Defendant's motion to exclude spousal communications is DENIED.