9 P.3d 231 (2000)
In the Matter of the Application for Relief From Personal Restraint of: Timothy R. RAMSEY, Petitioner.
No. 18788-8-III.
Court of Appeals of Washington, Division 3, Panel Four.
September 14, 2000.
*233 Timothy R. Ramsey, Airway Heights, WA., for Appellant.
John S. Blonien, Donna H. Mullen, Asst. Attys. Gen., Olympia, for respondent.
*232 SCHULTHEIS, J.
Timothy R. Ramsey is serving a 96-month prison sentence after the court revoked his sentence under the Special Sexual Offender Sentencing Alternative (SSOSA) for his 1994 conviction of first degree rape of a child. He seeks relief from personal restraint in the form of the Department of Corrections's (DOC) calculation of his earned early release credit under RCW 9.94A.150(1) at a maximum of 15 percent of his sentence, instead of the 33 percent calculation received by other prisoners. He thus claims, on several grounds, that RCW 9.94A.150(1) is unconstitutional as applied to him.
As a personal restraint petitioner, Mr. Ramsey must show not only error, but also actual and substantial prejudice resulting from alleged constitutional errors, or, for alleged nonconstitutional errors, a fundamental defect that inherently results in a miscarriage of justice. In re Personal Restraint of Cook, 114 Wash.2d 802, 810, 812, 792 P.2d 506 (1990).
As a threshold matter, DOC seeks to dismiss the petition as abusive under RCW 10.73.140[1] because Mr. Ramsey previously filed a personal restraint petition in 1998, alleging he was denied due process and received ineffective assistance of counsel during proceedings in which the court revoked his community supervision under the SSOSA and imposed the current prison sentence. DOC contends Mr. Ramsey's challenge to RCW 9.94A.150(1) is now barred by RCW 10.73.140 because the claim was available both factually and legally as far back as the time the judgment and sentence was entered in 1994, yet he did not raise it in the prior personal restraint petition or in another pending appeal of the denial of a petition for writ of habeas corpus.[2] We disagree.
While Mr. Ramsey's constitutional challenges to RCW 9.94A.150(1) were theoretically available to him at the time of his prior petition, he shows sufficient good cause in the context of this particular petition to raise those challenges after he was imprisoned and DOC began applying the 15 percent earned early release cap to his sentence. See generally In re Personal Restraint of Johnson, 131 Wash.2d 558, 563-66, 933 P.2d 1019 (1997). Under RAP 16.4(c), he was not under restraint in the form of the 15 percent cap versus the 33 percent cap, and thus could not have shown actual prejudice, until DOC applied RCW 9.94A.150(1) to him. And he has not previously filed a claim for "similar relief." RAP 16.4(d) (no more than one petition for similar relief on behalf of the same petitioner will be entertained without good cause shown). See In re Personal Restraint of Haverty, 101 Wash.2d 498, 681 P.2d 835 (1984). Mr. Ramsey's petition is properly before the court and we will consider it on the merits.
Mr. Ramsey first contends, citing In re Personal Restraint of Smith, 139 Wash.2d 199, 986 P.2d 131 (1999) and In re Personal Restraint of Mahrle, 88 Wash.App. 410, 945 P.2d 1142 (1997), that the language of former RCW 9.94A.150(1) (1992) applying the 15 percent cap to "a serious violent offense or a sex offense that is a class A felony committed *234 on or after July 1, 1990," pertained only to serious violent offenses that are also class A felonies and therefore excluded sex offenses that are not violent offenses.[3] This contention lacks merit.
Smith and Mahrle did hold with respect to serious violent offenses that the statute placed the 15 percent cap only on such offenses that are also class A felonies. But these holdings did not address class A felony sex offenses, which are unambiguously subject to the 15 percent cap under both the former version of the statute and the current amended version.
Mr. Ramsey next contends RCW 9.94A.150(1) violates his equal protection rights under the state and federal constitutions by applying the 15 percent cap to the earned early release credits of class A felony sex offenders, while other offenders receive a 33 percent reduction of their sentences. We disagree.
"The equal protection clauses of both the state and federal constitutions require that `persons similarly situated with respect to the legitimate purpose of the law receive like treatment.'" In re Personal Restraint of Runyan, 121 Wash.2d 432, 448, 853 P.2d 424 (1993) (quoting Harmon v. McNutt, 91 Wash.2d 126, 130, 587 P.2d 537 (1978)). Our courts consider article 1, section 12 of the Washington State Constitution and the equal protection clause of the Fourteenth Amendment to be substantially identical and they are thus considered one issue. State v. Manussier, 129 Wash.2d 652, 672, 921 P.2d 473 (1996). The initial inquiry in an equal protection analysis is the appropriate standard of reviewstrict scrutiny, intermediate scrutiny, or rational basis. Id. at 672-73, 921 P.2d 473.
Mr. Ramsey contends that an intermediate level of scrutiny applies because his lower percentage of earned early release credit makes him a member of a semisuspect class, citing In re Personal Restraint of Mota, 114 Wash.2d 465, 788 P.2d 538 (1990). In Mota, the court applied the intermediate scrutiny test in holding that DOC's refusal to award good time credit to a presentence detainee who was financially unable to post bail represented discrimination based on wealth. Id. at 474, 788 P.2d 538. Mota is not controlling here.
Because persons convicted of class A felony sex offenses do not constitute a suspect or semisuspect class, Mr. Ramsey's level of earned early release credit involves at most a physical liberty interest that does not implicate a fundamental right. Manussier, 129 Wash.2d at 673, 921 P.2d 473; see also In re Personal Restraint of Whitesel, 111 Wash.2d 621, 634, 763 P.2d 199 (1988). The lower percentage of good time credit does not add to the liberty deprivation of his original sentencing. In re Personal Restraint of Borders, 114 Wash.2d 171, 176, 786 P.2d 789 (1990).
When a physical liberty interest alone is involved in a statutory classification, the proper standard of review is rational basis review, i.e., the law must be premised on a legitimate State purpose and bear a rational relationship to that purpose. Manussier, 129 Wash.2d at 673, 921 P.2d 473; Whitesel, 111 Wash.2d at 634, 763 P.2d 199. The rational basis test requires only that the means employed by the statute be rationally related to a legitimate state goal; the means do not have to be the best way to achieve the goal. Manussier, 129 Wash.2d at 673, 921 P.2d 473. "[T]he Legislature has broad discretion to determine what the public interest demands and what measures are necessary to secure and protect that interest." State v. Ward, 123 Wash.2d 488, 516, 869 P.2d 1062 (1994).
The Legislature amended RCW 9.94A.150(1) in 1990, with the specific purpose of improving public safety by increasing the amount of time the most dangerous criminals, including class A felony sex offenders, serve on their prison sentences. The amendment *235 was in response to specific recommendations to the Legislature by Governor Booth Gardner's Task Force on Community Protection that class A felony sex offenders have their sentences reduced by only 15 percent earned early release credit as opposed to the 33 percent currently awarded. See Mahrle, 88 Wash.App. at 412, 945 P.2d 1142. This legislative purpose is rationally related to a legitimate state interest. Mr. Ramsey's equal protection claim therefore fails.
Mr. Ramsey next contends RCW 9.94A.150(1) violates his due process rights under the state and federal constitutions in that the denial of 33 percent good time credit to those who have committed class A felony sex offenses constitutes additional punishment without judicial process or a determination of the facts. We disagree.
The statutory right to already-earned early release credit does create a limited liberty interest protected by the due process clause. In re Personal Restraint of Anderson, 112 Wash.2d 546, 548, 772 P.2d 510 (1989). Since the Legislature has directed in RCW 9.94A.150(1) that persons who commit class A felony sex crimes will receive earned early release time of up to 15 percent of the sentence, Mr. Ramsey has a protected liberty interest to the extent he has earned that credit.[4] But he has no state-created right to earned early release credit exceeding 15 percent of his sentence. See Borders, 114 Wash.2d at 176, 786 P.2d 789; In re Personal Restraint of Galvez, 79 Wash.App. 655, 658, 904 P.2d 790 (1995) (there is no statutory or constitutional right to earn good time credits). And the difference between his 15 percent eligibility and the 33 percent eligibility of other prisoners in no way increases his original sentence; it is not punishment. See Borders, 114 Wash.2d at 176, 786 P.2d 789. Moreover, since Mr. Ramsey cannot show that his claim involves a fundamental right, the same public safety rational basis analysis discussed above applies to his due process attack on RCW 9.94A.150(1). See In re Personal Restraint of Metcalf, 92 Wash.App. 165, 176-77, 963 P.2d 911 (1998), cert. denied, 527 U.S. 1041, 119 S.Ct. 2405, 144 L.Ed.2d 803 (1999). Mr. Ramsey makes no showing that RCW 9.94A.150(1) or the substantive result of any DOC procedures violates his due process rights. His claim fails.
Mr. Ramsey next contends that RCW 9.94A.150(1), in its unequal application of earned early release credit of 15 percent, imposes multiple punishment in violation of the prohibition against double jeopardy. We disagree.
Double jeopardy does demand full credit for earned early release time actually earned, but the disparate earned early release policy of RCW 9.94A.150(1) as pertains to class A felony sex offenders does not result in multiple punishment and therefore does not trigger double jeopardy protection. See State v. Phelan, 100 Wash.2d 508, 516, 671 P.2d 1212 (1983).
Finally, Mr. Ramsey contends RCW 9.94A.150(1) constitutes a bill of attainder in that the 15 percent cap on earned early release credit for class A felony sex offenders imposes punishment without a trial. This claim likewise lacks merit.
A bill of attainder is legislation that applies to named individuals or ascertained members of groups in such a way as to inflict punishment on them without judicial trial. State v. Hennings, 129 Wash.2d 512, 527, 919 P.2d 580 (1996). A legislative act is not a bill of attainder merely because it compels an individual or defined group to bear burdens that the individual or group dislikes. Manussier, 129 Wash.2d at 666, 921 P.2d 473. Mr. Ramsey pleaded guilty to his crime and received a judicially determined 96-month sentence. The reduced cap on earned early release time does not increase or inflict punishment. RCW 9.94A.150(1) is not a bill of attainder.
Mr. Ramsey has not carried his burden under In re Personal Restraint of Cook, 114 Wash.2d 802, 792 P.2d 506 (1990).
*236 Accordingly, the petition is dismissed pursuant to RAP 16.11(b).
SWEENEY, C.J., and KATO, J., concur.
NOTES
[1] RCW 10.73.140 provides in part:

"If a person has previously filed a petition for personal restraint, the court of appeals will not consider the petition unless the person certifies that he or she has not filed a previous petition on similar grounds, and shows good cause why the petitioner did not raise the new grounds in the previous petition. Upon receipt of a personal restraint petition, the court of appeals shall review the petition and determine whether the person has previously filed a petition or petitions and if so, compare them. If upon review, the court of appeals finds that the petitioner has previously raised the same grounds for review, or that the petitioner has failed to show good cause why the ground was not raised earlier, the court of appeals shall dismiss the petition on its own motion without requiring the state to respond to the petition."
[2] In a separate matter (Court of Appeals Cause No. 18468-4-III), Mr. Ramsey is currently appealing the denial by the Spokane County Superior Court of his petition for writ of habeas corpus. Mr. Ramsey challenges his conviction in that matter; it does not involve the issues presented in this petition.
[3] The Legislature amended RCW 9.94A.150(1) in 1999 by adding the bracketed commas: "In the case of an offender convicted of a serious violent offense[,] or sex offense that is a class A felony[,] committed on or after July 1, 1990, the aggregate earned early release time may not exceed fifteen percent of the sentence. In no case shall the aggregate earned early release time exceed one-third of the total sentence." Laws of 1999, ch. 37, § 1.
[4] And he may also be considered for transfer to community custody in lieu of that earned early release under RCW 9.94A.150(2). See In re Personal Restraint of Crowder, 97 Wash.App. 598, 985 P.2d 944 (1999).